IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| COLLEEN N. TING | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 1:06-cv-419 (HHK) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF UNITED
STATES' MOTION TO DISMISS**

This is a civil action in which plaintiff alleges that, beginning with tax year 1997, the Internal Revenue Service disregarded various provisions of the Internal Revenue Code. Plaintiff seeks damages for alleged "wrongful collection" and declaratory and injunctive relief respecting further federal tax collection against her.

QUESTIONS PRESENTED

Plaintiff Colleen N. Ting, the plaintiff in this action, attempted to served the initial process on the United States. Should the Court dismiss the complaint for failure to properly serve the United States?

Plaintiff's complaint seeks damages for alleged "wrongful collection" of federal taxes from plaintiff, an injunction against further tax collection, and a declaration that the United States has violated federal tax laws. The complaint fails to allege that plaintiff has filed a claim for damages from "wrongful collection" of taxes. Does the Court have jurisdiction to entertain a suit for damages and for related declaratory and injunctive relief against federal tax collection under these circumstances?

STATEMENT

1. <u>Introduction & background</u>.  Plaintiff, Colleen N. Ting, filed this complaint on March 6, 2006.   The complaint alleges that in connection with the collection of federal taxes beginning "with 'tax year' 1997," agents and employees of the Internal Revenue Service "recklessly, intentionally, or by reason of negligence disregarded" a laundry list of statutes from the Internal Revenue Code.  (Compl. ¶ 1, "Counts" 1-34.)<u>*</u>/  On April 10, 2006, plaintiff Colleen N. Ting filed returns of service showing that plaintiff herself served the Attorney General and the United States Attorney for the District of Columbia by certified mail.  (*See* PACER ## 2, 3.)

2. <u>Relief sought in the complaint</u>.  The complaint seeks three types of relief. First, plaintiff seeks declaratory relief, *viz.*, a—

> [d]etermination that the defendant's principals, officers, agents, and/or employees of the Internal Revenue Service in connection with the collection of federal tax from the plaintiff(s), willfully, recklessly, intentionally or by reason of negligence, disregarded any provision of Title 26 of the United States Code and/or any regulation promulgated under Title 26 United States Code.

(Compl. ¶ 28.)  Then, based upon her expectation of receiving the declaratory relief sought in the complaint, plaintiff requests damages under 26 U.S.C. § 7433 and an injunction requiring the United States' agents and employees to comply with the federal tax laws.  (Compl. ¶ 29.)

---

<u>*</u>/  Plaintiff's case is one of more than 65 known cases filed in this Court with identical or nearly identical theories of recovery.  *See Glass v. United States*, ___ F.Supp.2d ___, 2006 WL 846721, *1 (D.D.C. 2006).

ARGUMENT

I

THE COMPLAINT SHOULD BE DISMISSED BECAUSE
SERVICE OF PROCESS WAS DEFICIENT

Under Fed. R. Civ. P. 4(c)(2), service of a summons and complaint "may be effected by any person who is not a party."  Conversely, a party to litigation may not serve the summons and complaint.  Service of initial process *by a party to the action* is insufficient service.  *Davis v. Garcia*, 226 F.R.D. 386, 388 (C.D. Cal. 2004); *Taylor v. Internal Revenue Service*, 192 F.R.D. 223, 224 (S.D. Tex. 1999); *Willis v. Tarasen*, 2005 WL 1705839, *2 (D. Minn. 2005); *Hanberg v. FBI*, 2003 WL 21730605, *1 (E.D. La. 2003); *Perkel v. United States*, 2001 WL 58964, *1 (N.D. Cal. 2001).

Failure to properly serve the defendant also deprives the Court of personal jurisdiction, leaving the Court with no power to compel an answer or response.  *Rabiolo v. Weinstein*, 357 F.2d 167, 168 (7th Cir. 1966); *see also Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 715 n.6 (1982) (Powell, J. concurring).  A jurisdictional defect of this sort is fatal to maintenance of an action.  *Bland v. Britt*, 271 F.2d 193 (4th Cir. 1959).  Accordingly, courts routinely dismiss actions when service is improper.  *See Light v. Wolf*, 816 F.2d 746, 750 (D.C. Cir. 1987).  Once a defendant challenges the sufficiency of service of process, the party alleging adequate service of process has the burden of proving that such service was proper.  *See Myers v. American*

3

*Dental Ass'n*, 695 F.2d 716, 725 n.10 (3d Cir. 1982); *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1139 (5th Cir. 1980).

In this case, plaintiff Colleen N. Ting filed returns of service indicating that she, herself, served the summonses and copies of the complaint on the Attorney General and the United States Attorney for the District of Columbia by certified mail.  Colleen N. Ting is, of course, a party to this action, and thus is ineligible to serve the summons and complaint.  Accordingly, plaintiff has failed to properly serve the United States, and her complaint must be dismissed for insufficiency of service of process and lack of jurisdiction over the person of the United States.

II

THE COURT LACKS SUBJECT MATTER JURISDICTION
OVER THE COMPLAINT

A.  *Plaintiff's Request for Declaratory Relief Is Barred
by the Declaratory Judgment Act*

Plaintiff's initial request for relief is for a "determination" by the Court respecting the actions of officers and employees of the Internal Revenue Service taken in connection with collection activities.  (*See* Compl. ¶ 28, "Counts" 1-34.)  The federal Declaratory Judgment Act bars such relief.  By its terms, the Declaratory Judgment Act provides that—

> In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes* other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, *** any Court of the United States, upon the filing of an appropriate

4

> pleading, may declare the rights and other legal relations of
> any interested party seeking such declaration, whether or
> not further relief is or could be sought.  Any such declaration
> shall have the force and effect of a final judgment or decree
> and shall be reviewable as such.

28 U.S.C. § 2201(a) (emphasis added).

Simply put, the Declaratory Judgment Act's federal tax exception bars this Court from exercising jurisdiction over any action that seeks a "determination" with respect to the assessment or collection of taxes.  *See Foodservice & Lodging Institute, Inc. v. Reagan*, 809 F.2d 842, 843 (D.C. Cir. 1987); *Debt Buyers' Ass'n v. Snow*, 2006 WL 598143, *6, 97 A.F.T.R.2d (RIA) 1073 (D.D.C. 2006).  It cannot be gainsaid that this plaintiff seeks a declaratory judgment "with respect to federal taxes."  Therefore, the Court cannot exercise subject matter jurisdiction over plaintiff's request for a "determination" respecting the collection of her federal taxes.

B.   *Plaintiffs' Request for Injunctive Relief Is Barred by the Anti-Injunction Act*

Plaintiff also seeks an order enjoining the Internal Revenue Service from engaging in any further tax collection activities.  (Compl. ¶ 29.A.)  Such injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421).  The Act specifies that no court shall exercise jurisdiction over a suit for the "purpose of restraining the assessment or collection of any tax," as is the patent objective of plaintiff's claim.  *See* 26 U.S.C. § 7421(a).  Thus, the Act precludes this Court from exercising jurisdiction over any action, such as this one, which seeks to enjoin the collection of taxes.  *See Foodservice & Lodging*

*Institute, Inc. v. Reagan*, 809 F.2d 842, 844-45 (D.C. Cir. 1987); *American Federation of Gov't Employees, AFL-CIO v. United States*, 660 F.Supp. 12, 13, (D.D.C. 1987).

Although the Supreme Court has recognized a narrow, judicial exception to section 7421, the exception is inapplicable to the present case. In *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962), the Supreme Court decided that the Anti-Injunction Act would not apply (1) if, when the facts and law are examined in the light most favorable to the government, under no circumstances could the government prevail, and (2) equity jurisdiction otherwise existed. *See Flynn v. United States*, 786 F.2d 586, 589 (3d Cir. 1986). The burden is on the plaintiff to demonstrate that her suit falls within the purview of the judicially-created exception to the Anti-Injunction Act. *Bowers v. United States*, 423 F.2d 1207, 1208 (5th Cir. 1970).

Plaintiff cannot demonstrate that under the circumstances of this case, the government could never prevail. Plaintiff alleges that the Internal Revenue Service acted improperly "in connection with the collection of Federal tax beginning with 'tax year' 1997" (Compl. ¶ 1), but does not identify the specific tax years at issue, the type of tax, amounts or dates of alleged "wrongful" collection, specifics as to the alleged wrongdoing by the Internal Revenue Service, or other facts that identify wrongdoing and her entitlement to relief. Primarily, she merely expresses her dissatisfaction that the Internal Revenue Service is attempting to collect her taxes.

As for the second prong of *Enochs*, plaintiff has failed to demonstrate the existence of equitable jurisdiction. Plaintiff must show that there is irreparable injury

6

and inadequacy of legal remedies. *See Foodservice & Lodging Institute*, 809 F.2d at 844-45;

*Flynn*, 766 F.2d at 598. In certain situations, plaintiff could temporarily forestall

collection—the ultimate relief she requests—by requesting a "collection due process

hearing" with the Internal Revenue Service. *See* 26 U.S.C. § 6330. Moreover, she can

fully pay the taxes as to which she seeks to forestall collection and *then* file a claim for

refund. Because the Internal Revenue Code provides administrative procedures by

which plaintiff can obtain relief, there is no equitable jurisdiction. Accordingly,

plaintiff's complaint fails the second prong of the *Enochs* test as well.

In sum, this Court lacks jurisdiction over plaintiff's request for injunctive relief

because such relief is barred by the Anti-Injunction Act. Plaintiff has not established the

extraordinary circumstances that may justify issuing an injunction under the judicial

exception. Thus, the Court should dismiss this claim for relief.

C.    *This Court Lacks Subject-Matter Jurisdiction Over
          Plaintiff's Damages Claim*

Plaintiff attempts to state a claim for damages under 26 U.S.C. § 7433, and seeks

unspecified damages. (Compl. ¶ 29.B.) This Court does not have jurisdiction over

plaintiff's section 7433 claim because she has failed to demonstrate that she filed an

administrative claim for damages with the Internal Revenue Service.

Plaintiff has the burden to show that sovereign immunity has been waived. *See*

*e.g.*, *Paradyne Corp. v. U.S. Dept. of Justice*, 647 F.Supp. 1228, 1231 (D.D.C. 1986) (citing

*United States v. Sherwood*, 312 U.S. 584, 586 (1941)). The party bringing suit must show

7

that the United States has unequivocally waived its sovereign immunity. *McGuirl v. United States*, 360 F.Supp.2d 125, 128 (D.D.C. 2004) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *West v. F.A.A.*, 830 F.2d 1044, 1046 (9th Cir. 1987). Section 7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions. The Court lacks jurisdiction over the plaintiff's claims because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, taxpayers must exhaust their administrative remedies. 26 U.S.C. § 7433(a); *Glass v. United States*, ___ F.Supp.2d ___, 2006 WL 846721, *2 (D.D.C. 2006). "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.*" 26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433. *See* 26 C.F.R. § 301.7433-1(e). The regulations provide that—

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

8

26 C.F.R. § 301.7433-1(e)(1) (emphasis added); *Glass, supra*. The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer. 26 C.F.R. § 301.7433-1(e)(1) and (2). Failure to comply with this regulation deprives a court of jurisdiction. *See McGuirl v. United States*, 360 F.Supp.2d at 128; *Glass, supra*; *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Conforte v. United States*, 979 F.2d 1375 (9th Cir. 1992).

Here, plaintiff has not alleged that she filed a written claim with the area director which complies with the requirements of the regulations. Instead, she simply states, in conclusory fashion, that she "has/have exhausted all administrative remedies ***." (Compl. "Count" 2.) Therefore, plaintiff has not met her burden to allege adequately that the United States has unequivocally waived its sovereign immunity. Because plaintiff has not met her burden to show exhaustion of administrative remedies, this Court does not have jurisdiction over her section 7433 claim, and the Court should dismiss the complaint.

///

///

///

///

9

CONCLUSION

Because plaintiff has failed to properly serve the United States and because the

Court lacks jurisdiction over her complaint, the complaint should be dismissed.

DATE:  April 13, 2006.

Respectfully submitted,

 /s/ Michael J. Salem
MICHAEL J. SALEM
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Telephone:  (202) 307-6438

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

10

<u>CERTIFICATE OF SERVICE</u>

IT IS CERTIFIED that the foregoing United States' MEMORANDUM IN

SUPPORT OF UNITED STATES' MOTION TO DISMISS  was caused to be served upon

plaintiff *pro se* on the 13th day of April, 2006, by depositing a copy in the United States'

mail, postage prepaid, addressed as follows:

> COLLEEN N. TING
> Plaintiff *pro se*
> Post Office Box 1753
> Makawao, HI  96768.

>  /s/ Michael J. Salem
> MICHAEL J. SALEM

618.11645819.1