IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| COLLEEN N. TING | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 1:06-cv-419 (HHK) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' REPLY TO PLAINTIFF'S
OPPOSITION TO U.S. MOTION TO DISMISS**

This is a civil action in which plaintiff alleges that, beginning with tax year 1997, the Internal Revenue Service disregarded various provisions of the Internal Revenue Code. Plaintiff seeks damages for alleged "wrongful collection" and declaratory and injunctive relief respecting further federal tax collection against her.

STATEMENT & DISCUSSION

1. Introduction. On April 13, 2006, the United States filed a fully supported motion to dismiss the complaint, due to insufficiency of service of process and a resulting lack of jurisdiction over the person of the United States, and lack of subject matter jurisdiction over the complaint. Plaintiff has opposed the motion to dismiss on several grounds. This reply brief addresses only the points raised in plaintiff's opposition that warrant a response. With respect to those points not discussed herein, defendant United States relies upon its memorandum in support of the motion to dismiss.

2.  <u>Rule 4(c)(2)'s service eligibility requirements apply to service of initial process</u> <u>upon the United States.</u>  The first ground for dismissal presented in the motion to dismiss is premised upon the fact that plaintiff Colleen N. Ting, the plaintiff in this action, attempted to serve the summons and complaint upon the United States.<u>1</u>/ Under Fed. R. Civ. P. 4(c)(2), "[s]ervice may be effected by *any person who is not a party and who is at least 18 years of age.*"  (Emphasis added.)  Conversely, a party to litigation may not serve the summons and complaint.  Service of initial process *by a party to the action* is insufficient service.  *Davis v. Garcia*, 226 F.R.D. 386, 388 (C.D. Cal. 2004); *Taylor v. Internal Revenue Service*, 192 F.R.D. 223, 224 (S.D. Tex. 1999); *Willis v. Tarasen*, 2005 WL 1705839, *2 (D. Minn. 2005); *Hanberg v. FBI*, 2003 WL 21730605, *1 (E.D. La. 2003); *Perkel v. United States*, 2001 WL 58964, *1 (N.D. Cal. 2001).

Plaintiff does not contest the fact that she attempted to serve initial process in this case.  Rather, she argues that service on the United States under rule 4(i) is not subject to this restriction.  (Pltf.'s Resp. to Motion to Dismiss at 2.)  Plaintiff is simply wrong.  Rule 4(i) does not, by its terms or otherwise, except the service procedures applicable to service of process on the United States from the restrictions of rule 4(c)(2). "[W]hile Rule 4(i)(1) describes *how* service can be effectuated against the United States,

---

<u>1</u>/ As explained below, it now appears that plaintiff has cured this defect.  The following argument is presented only because plaintiff has characterized the motion as improper and prematurely requested rule 11 sanctions against the United States for filing the rule 12(b)(2)/(5) motion.  The rule 12(b)(2) & (5) defenses were based on valid factual and legal bases when filed and were required to have been filed in conjunction with the rule 12(b)(1) defense or would have been waived.  *See* Fed. R. Civ. P. 12(h)(1).  Therefore, even had plaintiff filed a procedurally proper rule 11 motion, that motion would fail.

it does not change *who* can effectuate service as defined by Rule 4(c)(2)." *Perkel v. United States*, *supra* (emphasis in original); *accord*, *Hanberg v. FBI*, *supra* (applying same principle to federal agency).

Plaintiff failed, in her first attempt, to properly serve the United States in this action because plaintiff Colleen N. Ting improperly acted as the service "agent." Accordingly, service of process was insufficient and the Court lacked jurisdiction over the person of the United States. The complaint was subject to dismissal under Fed. R. Civ. P. 12(b)(2) & (5).

Nevertheless, since the motion was filed, it appears that plaintiff has cured the service defect. Plaintiff served new returns of service with her opposition to the motion to dismiss, indicating that plaintiff properly employed a service agent to serve the United States with process. This being the case, the United States withdraws its motion to dismiss based upon insufficiency of service of process and lack of personal jurisdiction.

3. <u>Plaintiff failed to exhaust mandatory administrative remedies.</u> Plaintiff's next point is devoted to an assertion that she need not have exhausted her administrative remedies under 26 U.S.C. § 7433 in this case, because such an attempt would have been futile. (Pltf.'s Resp. to Motion to Dismiss at 3-4.) In so arguing, plaintiff fails to recognize that there are two types of administrative exhaustion requirements—one merely prudential, but one mandatory.

> The term "exhaustion" applies to "two distinct legal concepts." *Avocados Plus Inc. v. Veneman*, 370 F.3d 1243, 1247 (D.C. Cir. 2004). The first, known as "non-jurisdictional exhaustion," is a "judicially created doctrine" that the court may, under certain circumstances and "in its discretion, excuse." *Id.* The second, called "jurisdictional exhaustion," is a statutory "predicate to judicial review *** rooted, not in prudential principles, but in Congress' power to control the jurisdiction of the federal courts." *Id.* (citing *E.E.O.C. v. Lutheran Social Servs.*, 186 F.3d 959, 963-64 (D.C. Cir. 1999)). "If the statute does mandate exhaustion, a court cannot excuse it." *Id.* at 1247-48.

*Glass v. United States*, ___ F.Supp.2d ___, 2006 WL 846721, * 3 (D.D.C. 2006) (Huvelle, J.)

In the case at hand, the statute under which plaintiff seeks relief, section 7433, contains a clear statutory exhaustion requirement. "A judgment for damages shall not be awarded under [section 7433](b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.*" 26 U.S.C. § 7433(d)(1) (emphasis added); *Glass v. United States*, *supra*. Therefore, the Court lacks discretion to waive exhaustion under section 7433, and plaintiff's failure to exhaust her administrative remedies is fatal.

4. <u>Plaintiff's attack on the regulation fails completely.</u>  As explained in the United States' opening brief, the Secretary of the Treasury has implemented the statutory exhaustion requirement by promulgating a regulation. Plaintiff alleges that the regulation, 26 C.F.R. § 301.7433-1, "is an unreasonable interpretation of the current statutory provision; exceeds the authority of the current statutory provision by impermissibly extending the operation of the exhaustion requirement; and, by

4

frustrating Congress' intent in creating, and amending, 7433; and by effectively converting a '7433 damages' claim into a '7422 refund' claim."  (Pltf.'s Resp. to Motion to Dismiss at 5, and *see* 5-17.)  Plaintiff's claim of regulatory invalidity fails for two reasons.

- *Plaintiff's claim of regulatory invalidity is not ripe*

First, because plaintiff has not shown any attempt to comply with 26 U.S.C. § 7433's requirement to exhaust administrative remedies, her claim of regulatory invalidity is not ripe for adjudication.

- *26 C.F.R. § 301.7433-1 is a valid regulation*

Second, the regulation is valid.  *Chevron* provides the analytical framework for considering the validity of this regulation.  *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 476 U.S. 837 (1984).  Regulations issued by an agency to interpret the application of a statute are entitled to deference as long as the regulations implement the statute in some reasonable manner.  *Id.* at 843-45.  The standard of validity is not whether the agency's construction is the *only* permissible reading, or even the "best" among permissible readings, or whether the regulation reaches a result that the court would have reached if the issue had first been presented in a judicial proceeding.  *See id.* at 843 & n.11; *Nichols v. United States*, 260 F.3d 637, 644 (6th Cir. 2001).  Rather, if the challenged regulation represents a reasonable policy choice within an area intentionally or inadvertently left open by Congress, the regulation should be upheld.

*Chevron*, 467 U.S. at 865-866; *see also Nat'l Cable & Telecommunications Ass'n v. Brand X Internet Services*, 125 S.Ct. 2688, 2699 (2005).

Under *Chevron*'s two-step procedure, the first inquiry is whether the statute directly and conclusively addresses the precise question at issue. If the statute does not provide the answer, being either silent or ambiguous, the next step mandates upholding the agency's interpretation as long as the agency's construction "is a reasonable policy choice for the agency to make." *Chevron*, 467 U.S. at 845. Congress explicitly directed the Secretary of the Treasury to issue "all needful rules and regulations" for the enforcement of the Internal Revenue Code. 26 U.S.C. § 7805(a). It is well settled that a court should ordinarily defer to the regulation if it implements the congressional mandate in some reasonable manner. *National Muffler Dealers Ass'n v. United States*, 440 U.S. 472, 476 (1979) (quoting *United States v. Correll*, 389 U.S. 299, 307 (1967)); *Boulez v. Commissioner*, 810 F.2d 209 (1987); *Debt Buyers Ass'n v. Snow*, 2006 WL 598143, * 9 (D.D.C. 2006) (Kollar-Kotelly, J.). To determine whether the regulation carries out the congressional mandate in a reasonable manner, courts look to see whether the regulation harmonizes with the plain language of the statue, its origin, and its purpose. *National Muffler Dealers Ass'n*, 440 U.S. at 477.

The requirement that a party must exhaust administrative remedies prior to filing suit was contained in the first Taxpayer Bill of Rights (TBOR I). After publication of the original Treasury regulations under section 7433, courts determined that section 7433(d) was a jurisdictional bar to an action in court absent exhaustion of administrative

9

remedies. *See, e.g., Venen v. United States*, 38 F.3d 100 (3d Cir. 1994). In 1996, Congress enacted the second Taxpayer Bill of Rights, TBOR II, which amended section 7433(d) to provide that failure to exhaust administrative remedies was merely a factor that the court could use to reduce a judgment. Then, in 1998, Congress enacted the third Taxpayer Bill of Rights, TBOR III which reinstated, verbatim, the language of TBOR I, requiring exhaustion of administrative remedies prior to filing suit in district court. *See also* H.R. Rep. 105-364, pt. 1, at 59 (1997); S. Rep. 105-174, at 49 (1998).

The language in section 7433(d)(1), as well as the legislative history, makes clear that Congress intended the Internal Revenue Service to create an administrative scheme to allow individuals the opportunity to seek an administrative resolution of claims for damages sustained from unauthorized collection action by the Government. The rules in 26 C.F.R. § 301.7433-1 fill in the gaps of the requirement that administrative remedies be exhausted. To the extent that these rules implement the intent of Congress in some reasonable fashion, which defendant contends they do, the regulation will be held valid under the principles articulated in *Chevron*.

The regulation provides a straightforward and simple administrative procedure that allows individuals to seek an administrative resolution of claims under section 7433. Paragraph (a) of the regulation reiterates the statutory requirement that a taxpayer must file an administrative claim that meets the requirements set forth in paragraph (e) and wait for the required period of time under paragraph (d) prior to filing suit in district court. 26 C.F.R. § 301.7433-1(a). The requirements described in

10

paragraph (e) provide the proper place to file the required administrative claim, as well as the information that must be included in the claim.  26 C.F.R. § 301.7433-1(e).  Specifically, a taxpayer is required to provide:  (1) his/her name and current contact information; (2) grounds, in reasonable detail, for the claim; (3) description of the injuries incurred; (4) dollar amount of the claim; and (5) his/her signature or the signature of a duly authorized representative.  26 C.F.R. § 301.7433-1(e).  Such information is simply basic information in order to provide the Service with adequate notice of the reason why a taxpayer asserts he/she is entitled to damages.  From this information, the Service may investigate a taxpayer's claims and make an informed determination.  By requiring a taxpayer to wait six months after filing an administrative claim before filing an action in district court, the Service is provided time to gather evidence and consider, and perhaps resolve the claim before litigation.2/  Thus, the procedures described in the regulation are far from an unreasonable interpretation of Congress's mandate to create an administrative scheme to allow informal consideration of section 7433 claims prior to invoking judicial review.  The regulation is plainly valid.

///

///

///

///

---

2/The regulation also includes a temporal exception.  If an administrative claim is filed within the last six months of the two-year period of limitations, the taxpayer may file an action in court immediately after filing her administrative claim.

CONCLUSION

It is the position of the United States that the Court lacks subject matter

jurisdiction over plaintiff's claims and therefore, the motion to dismiss should be

granted.

DATE:  May 2, 2006.

Respectfully submitted,

 /s/ Michael J. Salem
MICHAEL J. SALEM
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Telephone:  (202) 307-6438

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

12

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' REPLY TO PLAINTIFF'S

OPPOSITION TO U.S. MOTION TO DISMISS was caused to be served upon plaintiff

*pro se* on the 2th day of May, 2006, by depositing a copy in the United States' mail,

postage prepaid, addressed as follows:

> COLLEEN N. TING
> Plaintiff *pro se*
> Post Office Box 1753
> Makawao, HI  96768.

> /s/ Michael J. Salem
> MICHAEL J. SALEM

13