**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **COLLEEN N. TING ,**<br><br>           **Plaintiff,**<br><br>**v.**<br><br>**UNITED STATES ,**<br><br>           **Defendant.** | **Civil Action 06-00419  (HHK)** |

**MEMORANDUM OPINION**

Colleen Ting, proceeding pro se, brings this suit against the United States, alleging

numerous violations of the Internal Revenue Code by agents of the Internal Revenue Service

("IRS") in the assessment and collection of taxes beginning with "tax year" 1997.  Ting seeks an

award of damages and an order that would direct the IRS to comply with various provisions of

the Internal Revenue Code that Ting asserts the IRS disregards.

The United States moves to dismiss this action on the grounds that service of process is

deficient and this court is without subject matter jurisdiction.[1]  Upon consideration of the motion,

---

[1]      In its reply to Ting's opposition, the United States withdrew "insufficiency of service of
process and lack of personal jurisdiction" as a basis for its motion to dismiss.  Def.'s Reply at 3.

the opposition thereto,[2] and the record of this case, the court concludes that the motion must be granted.[3]

# I.

Ting alleges that in connection with the assessment and collection of federal tax monies from "tax year" 1997 to the present, agents of the IRS "willfully, recklessly, intentionally or by reason of negligence disregarded and continue to disregard" numerous provisions of the Internal Revenue Code, 26 U.S.C. § 7433, and its corresponding IRS regulations, 26 C.F.R. § 301.7433-1. Compl. ¶ 1–2.

*A. Exhaustion of Administrative Remedies*

The United States argues that this court lacks jurisdiction over this action because Ting failed to exhaust her administrative remedies. The United States is correct that Ting failed to exhaust her administrative remedies, however, the proper consequence of this failure is to dismiss this action because Ting has failed to state a claim upon which relief can be granted.

The jurisdictional basis for this action is 26 U.S.C. § 7433 which states:

---

[2]    In her opposition to the United States' motion, Ting asserts that the motion is "frivolous" and seeks the imposition of sanctions pursuant to Fed. R. Civ. P. 11(b). Pl.'s Opp'n at 1. As is explained, *infra*, far from frivolous, the motion of the United States has merit. Consequently, there is no basis upon which to impose sanctions for the filing of the motion.

[3]    Ting's claim is virtually identical to those raised in a series of other cases filed in this district within the last year. This court has dismissed at least ten of these cases for a variety of reasons. *See, e.g., Turner v. United States*, 2006 WL 1071852 (D.D.C. Apr. 24, 2006) (dismissing for failure to state a claim); *Masterson v. United States*, 2006 WL 1102802 (D.D.C. Apr. 26, 2006) (same); *Evans v. United States*, 2006 WL 1174481 (D.D.C. May 4, 2006) (same); *Cooper v. United States*, 2005 WL 3707403 (D.D.C. Dec. 8, 2005) (dismissing for improper venue). However, the majority of these cases have been dismissed because the court concluded that it lacked subject matter jurisdiction as a result of the plaintiffs' failure to exhaust their administrative remedies.

(a) If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

26 U.S.C. § 7433(a).

While seemingly a broad grant of jurisdiction, § 7433(d) provides an important limitation.

Section 7433(d) requires a plaintiff who seeks to bring an action for damages in a U.S. District

Court to exhaust her administrative remedies.  Section 7433(d) could not be clearer.  The court

may not award damages "*unless the court determines that the plaintiff has exhausted the*

*administrative remedies available to such plaintiff within the Internal Revenue Service*."  26

U.S.C. § 7433 (emphasis added).

The IRS regulations promulgated to implement § 7433(d) are quite specific.  An

administrative claim shall include:

(i) The name, current address, current home and work telephone numbers and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim;

(ii) The grounds, in reasonable detail, for the claim (include copies of any available substantiating documentation or correspondence with the Internal Revenue Service);

(iii) A description of the injuries incurred by the taxpayer filing the claim (include copies of any available substantiating documentation or evidence);

(iv) The dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable (include copies of any available substantiating documentation or evidence);

(v) The signature of the taxpayer or duly authorized representative.

26 C.F.R. § 301.7433-1(e).

3

Ting concedes that she did not follow the prescribed procedure. Instead, Ting contends that she exhausted her administrative remedies by "writ[ing] numerous requests for documents and authorities which require responses from the IRS," to which the IRS "fail[ed] and/or refus[ed] to respond." Compl. ¶ 4. Such correspondence, however, is not sufficient to satisfy the statute's exhaustion provision. *See Evans v. United States*, 2006 WL 1174481, at n.1 (D.D.C. May 4, 2006) (finding that "requesting information or a refund from the IRS is not a substitute for submitting a damages claim pursuant to § 301.7433-1(e)").

Ting argues that even if she did not exhaust her administrative remedies, her failure to do so should be excused because had she pursued the IRS-mandated procedure, her efforts would have been futile. According to Ting, the IRS showed an "unwillingness to reconsider its position," and as a general matter, claimants are immune from complying with "inadequate" administrative remedies. Compl. ¶ 17. Ting's position cannot be sustained. Ting does not allege any facts to support the proposition that an effort to follow the required procedure would have been futile. Because Ting ignored the administrative remedies available to her, she lacks any basis to argue that the IRS would not have responded to, or taken delivery of, her claim. *Scott v. United States*, 416 F. Supp. 2d 116, 118 (D.D.C. 2006) (rejecting a claim of futility where no facts in complaint supported the plaintiff's assertion); *Glass v. United States*, 424 F. Supp. 2d 224, 229 (D.D.C. 2006) ("The mere 'probability of administrative denial' is insufficient to waive exhaustion.") (quoting *Randolph-Sheppard Vendors of Am. v. Weinberger*, 795 F.2d 90, 106 (D.C. Cir. 1986)). Ting's futility argument is without merit.

Ting also has no basis for asserting that the prescribed administrative procedure is inadequate. The pertinent IRS regulations accompanying § 7433 provide for the exact relief

plaintiff seeks—money damages. *See* 26 C.F.R. § 301.7433-1(e) (providing that taxpayers may recover up to $1,000,000, or $100,000 in the case of negligence, in damages through the administrative process); *Glass*, 424 F. Supp. 2d at 227–28 (rejecting the plaintiff's argument that IRS regulations are inadequate). In sum, Ting has failed to exhaust her administrative remedies.

     *B. Validity of IRS Regulations*

     Perhaps sensing that her failure to adhere to the relevant IRS regulations might prove fatal to her complaint, Ting claims that § 301.7433-1(e) of the IRS regulations is invalid. *See* Pl.'s Opp'n at 5. This argument is unpersuasive.

     In *Chevron, Inc., USA v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), the Supreme Court held that if a challenged governmental regulation represents a reasonable policy choice within an area intentionally or inadvertently left open by Congress, the regulation should be upheld. *See id.* at 843–44. In the first step of a *Chevron* analysis, the court asks whether Congress has spoken clearly and directly on the issue.[4] *Id*. at 842–43. If the statutory text is indeed clear and direct, the court's inquiry ends there, as the court must defer to a statute's unambiguous plain language, unless doing so would provide an absurd result. *Id.* (finding courts must "give effect to the unambiguously expressed intent of Congress"). However, if Congress has not spoken directly on the question at hand, the court proceeds to step two of the analysis. At

---

[4]   *United States v. Mead*, *Corp.*, 533 U.S. 218 (2001), added an additional step to the *Chevron* analysis. Under *Mead's* pre-step 1, the court must ask whether Congress explicitly or implicitly delegated authority to the agency to make rules with the force of law. With respect to the instant case, Congress expressly delegated rule-making authority to the IRS, through the Secretary of the Treasury, to "prescribe all needful rules and regulations" to enforce the Internal Revenue Code. 26 U.S.C. § 7805(a); *see also Evans*, 2006 WL 1174481, at *3–4 (providing an in-depth discussion of the *Chevron* analysis with respect to IRS exhaustion procedures).

this stage, the court defers to the agency's construction of a statute as long as it is a reasonable

interpretation of the statutory text.  *Id.* at 845.

Here, § 7433 does not set forth the specific administrative exhaustion remedies that it

requires.  Accordingly, the court must proceed to the second level of the *Chevron* analysis and

determine whether the IRS regulations are a reasonable interpretation of the statute's exhaustion

provision.  This court finds that the "[t]he simple procedure established by the IRS is

undoubtedly a reasonable one."  *Evans*, 2006 WL 1174481, at *4.  Specifically, the regulations

provide clarification on the statutory "requirement that administrative remedies be exhausted,"

26 U.S.C. § 7433(d)(1), by setting up an uncomplicated procedure by which taxpayers seeking

damages under the statute can bring an administrative claim.  *See* 26 C.F.R. § 301.7433-1.

Furthermore, the court agrees with defendant that the six-month period taxpayers are required to

wait after filing an administrative claim and before bringing an action in federal court is

reasonable because it allows the IRS time to explore and hopefully resolve the claim without the

need for litigation.  Thus, the court finds that the regulations implementing § 7433's exhaustion

provision are a valid exercise of the IRS's authority under the Internal Revenue Code.

## II.

Having determined that Ting failed to exhaust her administrative remedies, the court must

next decide whether Ting's claim should be dismissed for lack of subject matter jurisdiction

pursuant to Fed. R. Civ. P. 12(b)(1)—as requested by the United States—or for a failure to state a

claim under Fed. R. Civ. P. 12(b)(6).  While the majority of cases that have dismissed similar

claims after finding a failure to exhaust have relied on Fed. R. Civ. P. 12(b)(1), *see supra*, at n.3,

at least two recent decisions have concluded that a failure to exhaust is not a jurisdictional bar to

bringing a claim under § 7433 and instead dismissed the plaintiffs' suits under Fed. R. Civ. P. 12(b)(6).

In *Turner v. United States*, 2006 WL 1071852 (D.D.C. Apr. 24, 2006) (J. Bates), the court construed § 7433's exhaustion provision as non-jurisdictional, holding that the plaintiff's failure to adhere to administrative exhaustion requirements constituted a defect in plaintiff's claims, but did not touch on jurisdictional issues. 2006 WL 1071852, at *3–4; *see also Masterson v. United States,* 2006 WL 1102802, at *2 (D.D.C. Apr. 26, 2006); *Evans*, 2006 WL 1174481, at *2. In arriving at this conclusion, the court relied heavily on guidance provided in *Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235 (2006). There, the Supreme Court stated:

> If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue. But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.

126 S. Ct. at 1245 (citations omitted).

Applying the rule established in *Arbaugh* to § 7433(d)(1)'s exhaustion requirement, the court in *Turner* observed that the "provision [does] 'not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts.'" 2006 WL 1071852, at *4 (quoting *Arbaugh*, 126 S. Ct. at 1245). The *Turner* court also noted that § 7433(d)(1)'s exhaustion requirement lies "within the statute's 'Limitations' subsection along with a provision imposing a two-year time bar on damages actions and another provision that permits reduction of awards to account for a plaintiff's failure to mitigate damages—two provisions that clearly are *not* jurisdictional." 2006

7

WL 1071852, at *4.  This court agrees with the *Turner* court's analysis and dismisses Ting's

claims for failure to state a claim.[5]

### III.

For the reasons set forth above, the United States' motion to dismiss (Dkt. #5) is granted.

An appropriate order accompanies this memorandum.

Henry H. Kennedy, Jr.
United States District Judge

Dated: June 27, 2006

---

[5]     As has been previously mentioned, several courts have construed § 7433's exhaustion requirement to be jurisdictional.  *See, e.g., Glass*, 424 F. Supp. 2d at 228; *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994) ("[F]ailure to comply [with the § 301.7433-1(e) procedures] deprives a court of jurisdiction[.]").  However, most of these cases were decided before *Arbaugh*. Nonetheless, even if the court were to determine that § 7433's exhaustion requirement was jurisdictional in nature, the outcome would remain the same.  *See, e.g., Koerner*, 424 F. Supp. 2d at 217–18 (dismissing similar case for lack of jurisdiction).  Prior to *Arbaugh*, the D.C. Circuit noted that where a statute contains "'[s]weeping and direct' statutory language indicating that there is no federal jurisdiction prior to exhaustion, or the exhaustion requirement is treated as an element of the underlying claim," the exhaustion requirement is a non-waivable predicate necessary for bringing suit in federal court.  *Avocados Plus Inc. v. Veneman*, 370 F.3d 1243, 1247–48 (D.C. Cir. 2004) (quoting *Weinberger v. Salfi*, 422 U.S. 749, 757 (1975)).  As described above, § 7433 states explicitly that it is necessary for a plaintiff to exhaust her administrative remedies before she proceeds to the district court.  Therefore, even if the court analyzed the issue under the framework provided by Fed. R. Civ. P. 12(b)(1), Ting's claim would nevertheless be dismissed.